IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

RONNIE L. BROWN, III
d/b/a Brown's Cross Country Hauling LLC                                           PLAINTIFF

v.                              Case No. 3:21-cv-00118-LPR

RE GARRISON TRUCKING;
WYLES GRIFFITH; SHAWN
NELSON; ANNETTE MUNGER;
KEITH GORMAN                                                                      DEFENDANTS

**ORDER**

Plaintiff Ronnie Brown's *pro se* lawsuit was dismissed on November 5, 2021 for failure to prosecute.[1] Over five months later, on April 18, 2022, Mr. Brown filed a document he called a Motion to Continue Law Suit.[2] The Court will interpret his motion as a Rule 60 relief-from-judgment request. Defendants object, arguing the motion is unfounded and, in any event, the dismissal for failure to prosecute has the legal effect of robbing this Court of jurisdiction.[3] Mr. Brown's motion is denied. He provides no reason that would justify relief. Rather, he simply states that he was "unavailable for a period of time due to some personal reasons . . . ."[4] This explanation is insufficient. It does not fall into any of the parameters of Rule 60(b).[5]

IT IS SO ORDERED this 12th day of May, 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[1] Order, Doc. 13.

[2] Motion to Continue Lawsuit, Doc. 17.

[3] Response to Motion to Continue Lawsuit, Doc. 18 (citing *Hayes v. Reeves*, 2015 WL 3398020, *2 (W.D. AR 2015).

[4] Doc. 17 at 1.

[5] Even if the motion is treated as a motion to amend the complaint, the result would be the same. The liberal Rule 15 standard for amending a complaint does not apply after a final judgment is entered. *See United States v. Hypoguard USA, Inc.*, 559 F.3d 818, 823 (8th Cir. 2009). The more onerous Rule 60 standard applies. *Id*. There is some play in the joints here. A district court may not ignore the Rule 15(a)(2) considerations. *See id*. I have not. The amendment would be futile because it does not state a viable cause of action.